UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACOBO A. M.,

Petitioner,

v.

WARDEN, California City Immigration Processing Center; FIELD OFFICE DIRECTOR, ICE Los Angeles Field Office; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement, MARKWAYNE MULLIN, Secretary of Homeland Security, TODD BLANCHE, Acting Attorney General, UNITED STATES,

Respondents.

No. 1:26-CV-05280-RLP

ORDER GRANTING HABEAS PETITION IN PART

Before the Court is Petitioner Jacobo A. M.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order. ECF Nos. 1,

[1]The Court uses Petitioner's first name and last initial to protect sensitive personal information.

2. Petitioner challenges the lawfulness of his civil detention and seeks immediate release. ECF No.1 at 11. In opposition, Respondents contend Petitioner is subject to a mandatory detention under 8 U.S.C. § 1225(b)(2) and requests the Petition be denied. ECF No. 6 at 4-5. Petitioner also submitted a reply in which he requests a bond hearing. ECF No. 9 at 9. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. The Court finds Petitioner is entitled to a bond hearing.

## BACKGROUND

Petitioner is a 26-year-old citizen of Guatemala who entered the United States in 2014. ECF No. 1 at 3-4, 13-14. He lives in Florida. *Id*. at 2. On November 24, 2025, he was arrested by ICE officers following a traffic stop in Georgia. *Id*. at 2. He has been held in ICE custody since his arrest. *Id*.

Before filing the instant Petition, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Florida. ECF No. 6 at 8-9. Based on the "first-to-file" rule, Respondents moved the Court for an order dismissing the instant Petition, or alternatively, staying it until the Middle District of Florida case resolved. *Id*. at 2-4. Should the Court rule on the instant Petition, Respondents argued Petitioner is subject to mandatory pre-order detention because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2). *Id*. at 4-5. The Court chose to stay this case pending the outcome of the

Middle District of Florida case. *See* ECF No. 10.

Respondents have now informed the Court that the Middle District of Florida case was voluntarily dismissed. ECF No. 11. Respondents now do not oppose the Court ruling on the instant Petition. *Id*.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## ANALYSIS

Respondents contend only that Petitioner is subject to mandatory detention because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2). ECF No. 6 at 4-5. The Court disagrees.

The Ninth Circuit recently held that the mandatory detention scheme of 8

U.S.C. § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 at *10 (9th Cir. July 30, 2026). By contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.

8 U.S.C. § 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022).

Here, because Petitioner was apprehended within the U.S., he is entitled to the procedural protections of 8 U.S.C. § 1226(a), which he has thus far been denied.

Petitioner asserts his personal characteristics, medical condition, employment, and family and personal ties justify release, and Petitioner attached supportive declarations to his Petition. *See* ECF No. 1. Alternatively, he requests a bond hearing. ECF No. 9 at 9. Given Petitioner's criminal history, the Court concludes a bond hearing is the proper remedy. The Court therefore orders a bond

hearing as set forth below.

**Accordingly, IT IS ORDERED:**

1. The petition for Writ of Habeas Corpus, **ECF No. 1**, is **GRANTED in part.**

2. The Motion for Temporary Restraining Order, **ECF No. 2**, is **DENIED as moot.**

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner (A# 206-806-816) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4. **Within 3 days** from the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this order and

stating the outcome of the bond hearing.

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, issue judgment in favor of Petitioner, and CLOSE the file.

**DATED** August 17, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE